Filed 11/17/22  P. v. Williams CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY M. WILLIAMS,<br><br>    Defendant and Appellant. | D080566<br><br><br><br>(Super. Ct. No. SCE197202) |

APPEAL from an order of the Superior Court of San Diego County, Selena D. Epley, Judge.  Affirmed.

Anthony M. Williams, in pro. per.; and William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In December 2000, a jury convicted Anthony M. Williams of residential burglary (Pen. Code,[1] § 459) and unlawful taking and driving a vehicle (Veh. Code, § 10851, subd. (a)).  The jury found Williams had suffered two strike

---

1      All further statutory references are to the Penal Code unless otherwise specified.

priors (§ 667, subds. (b)-(i)) and two serious felony priors (§ 667, subd. (a)(1)). Williams was sentenced to an indeterminate term of 35 years to life based on the strike priors and the serious felony priors. One of the serious felony/strike priors came from a juvenile case No. JDA87281.

Williams appealed and this court affirmed the judgment as modified by striking the five-year term for the juvenile serious felony true finding. (*People v. Williams* (Jan. 24, 2003, D038572, D038600).)[2]

In December 2021, Williams filed a motion to be resentenced on the theory his juvenile conviction should have been sealed and therefore unavailable to qualify as a strike.

In April 2022, Williams filed a motion to seal his juvenile record and to seek a transfer hearing under Proposition 57. Williams requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*). He also requested resentencing of his three strikes sentence based on the contention the juvenile court finding of his prior serious felony should have been sealed.

The trial court denied the motion in a written order. The court stated in pertinent part:

> "On April 18, 2022, Defendant filed the present motion in the Juvenile Division of the San Diego Superior Court setting forth case number JDA 87281. The Defendant's juvenile case was adjudicated in 1995. As the juvenile case is final, the juvenile division does not have jurisdiction to consider and rule on the present motions filed by Defendant. Further, the issue relating to the use of Defendant's juvenile adjudication is only relevant to his adult conviction. Thus, the motion was transferred to the East County Division where case number SCE 197202 was adjudicated.

---

[2] We granted Appellant's request for judicial notice of our records in these cases.

"In his motion, Defendant raises the same issue with regard to his right to have a juvenile fitness hearing. This issue has been raised multiple times through motions and petitions for writ of habeas corpus. All motions and petitions have been denied. As the court has fully considered and ruled on the underlying issue relating to Defendant's right to a juvenile fitness hearing, the court will not revisit the issue in the present motion.

"Additionally, Defendant contends that the juvenile court erred in failing to seal his case pursuant to Welfare and Institutions Code section 786, as he successfully completed probation. In Defendant's juvenile matter, the court made a true finding that Defendant committed assault with the personal use of a firearm in violation of Penal Code sections 245(a)(2) and 12022.5. [Welfare and Institutions Code[3]] section 786(d) states that a court shall not seal a record if the true finding was based on an offense listed in Section 707(b), which was committed when the juvenile was 14 years of age or older.

"Welfare and Institutions Code section 707(b) lists assault with a firearm and an offense described in 12022.5 as exclusions to the sealing of the juvenile court record.[4] As Defendant's juvenile adjudication in case number J87281 was based on these code sections, Defendant's juvenile record is not subject to sealing.

"Defendant further argues that he is entitled to a resentencing hearing pursuant to Penal Code section 1170.126. This code section is not applicable to Defendant's case, as Defendant's current sentence is based on a serious felony conviction. (See Pen. Code, §§ 1170.126(c) and 1192.7(18).)

---

[3]    We acknowledge the court intended rather than the "Penal Code," the reference is to "Welfare & Institutions Code," section 786, subdivision (d).

[4]    "See [Welfare and Institutions Code] subdivisions (b)(13) and (17), respectively."

3

"Defendant's final claim is that he is entitled to a *Franklin* Hearing to obtain additional information to be considered at a youthful offender parole hearing. A youthful offender parole hearing applies to Defendants sentenced up to 25 years to life. Here, Defendant was sentenced to 30 years to life. In addition, Defendant was sentenced pursuant to the Three Strikes law and, as such, is excluded from the provisions of Penal Code section 3051. (See Pen. Code, § 3051 (h)). Thus, Penal Code section 3051 and the *Franklin* case are not applicable to Defendant.

"Based on the foregoing, Defendant's motions are DENIED."

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Williams the opportunity to file his own brief on appeal. He has responded with a written submission along with numerous exhibits. We will address his submission later in this opinion.[5]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether Williams was entitled to a fitness and transfer hearing of his juvenile serious felony prior under Proposition 57.

2. Whether the court erred in failing to seal his juvenile prior.

_____

[5] We discussed the facts of the offenses in our prior opinion. We will not repeat that discussion here.

4

3. Whether Williams was entitled to a resentencing hearing under Proposition 36.

4. Whether Williams was entitled to a hearing pursuant to *Franklin, supra*, 63 Cal.4th 261.

In his supplemental brief, Williams focuses on his original trial and some of his multiple challenges he has previously filed with the courts. The difficulty with his supplemental brief is this appeal arises from the denial of his "motion" for resentencing and related relief. Most of his submission and numerous exhibits are not pertinent to the current appeal and its limited record. We have examined the supplemental brief very carefully and find it does not identify any arguable issues for reversal on this appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal of the order from which this appeal arises. Competent counsel has represented Williams on this appeal.

DISPOSITION

The order of May 27, 2022, denying Williams's motion for resentencing and related relief is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


DATO, J.


6